17SL-CC03269

Electronically Filed - St Louis County - August 27, 2017 - 01:14 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| ANDREW NIEMEIER, | ) |
|     Plaintiff, | ) |
| vs. | ) Case Number: |
| ASSUREDPARTNERS OF MISSOURI, LLC | ) Division: |
| **Serve Registered Agent:** | ) **JURY TRIAL DEMANDED** |
| **CSC-Lawyers Incorporating Service Company** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, Missouri 65101** | ) |
|     Defendant. | ) |

## **PETITION**

COME NOW, Plaintiff, by and through undersigned counsel, and for his Petition, states the following to the Court:

### **PARTIES**

1. Plaintiff Andrew Niemeier (hereinafter "Plaintiff") was an employee of Defendant AssuredPartners of Missouri, LLC (hereinafter "Defendant") and is herein alleging that he was wrongfully terminated in violation of Missouri's public policy exception to at-will employment.

2. Plaintiff is a resident of the State of Missouri.

3. Defendant is a Missouri limited liability company in good standing with the State of Missouri with its principal place of business at 11975 Westline Industrial Drive, St. Louis, St. Louis County, Missouri 63146.

1

4. Defendant conducts continuous and systematic business in the State of Missouri.

## JURISDICTION AND VENUE

5. The allegations and facts contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

6. Jurisdiction and venue are proper in St. Louis County, Missouri pursuant to RSMo. § 508.010, as at least one of Plaintiff's counts herein is a tort, and the place of first injury was in St. Louis County, Missouri.

7. Moreover, all wrongful acts alleged herein took place in St. Louis County, Missouri.

8. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

## FACTUAL ALLEGATIONS

9. The allegations and facts contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

10. Plaintiff began working for Defendant as a "producer" and a Vice President in approximately June 2016.

11. "Producers" or "insurance producers" are individuals who typically sell, solicit, or negotiate insurance.

12. Pursuant to Missouri law, RSMo. § 375.012 *et seq*. (hereinafter "Insurance Producers Act"), producers must possess a license to sell, solicit, or negotiate insurance.

13. At all times relevant herein, Plaintiff possessed all necessary licenses to legally and ethically perform the duties required of him by Defendant.

14. As part of Plaintiff's job duties while working for Defendant, Plaintiff sold employee benefits insurance to clients.

15. In approximately the fall of 2016, Plaintiff recognized that several of Defendant's producers were engaging in several of the following activities without possessing the requisite licenses necessary to engage in said activities, including, but not limited to:

   a. Discussing employee benefits coverage with prospective clients;

   b. Consulting on coverage and insurance placements with current clients; and

   c. Receiving compensation as a direct result of insurance placements they were not licensed to sell.

16. Once he became aware of this conduct, Plaintiff grew concerned as he believed the conduct of these unlicensed producers was both illegal and unethical, and created an immense risk of financial liability on the part of Defendant.

17. Plaintiff addressed his concerns with Defendant's President, Nick Henja (hereinafter "Henja") shortly after becoming aware of the situation.

18. Plaintiff's conversation with Henja revolved specifically around one of Defendant's producers that Plaintiff knew was not properly licensed in employee benefits, John Breslin (hereinafter "Breslin").

Electronically Filed - St Louis County - August 27, 2017 - 01:14 PM

19. Henja informed Plaintiff that he would give Breslin one year to get licensed and, if he was not licensed within a year, Breslin would no longer be compensated until he obtained the proper licensing.

20. However, Plaintiff continued to be weary of Defendant's practices as Breslin was not the only one of Defendant's producers without proper licenses.

21. Thereafter, Plaintiff became specifically concerned about the conduct of Rick Frenchmann (hereinafter "Frenchmann"), a producer employed by Defendant.

22. Frenchmann was, and is, licensed to sell property and casualty insurance in the State of Missouri.

23. However, at all times relevant herein, Frenchmann was not, and currently is not, licensed to sell any other types of insurance.

24. Nonetheless, Plaintiff became aware in 2016 that Frenchmann was essentially overseeing and being directly compensated for managing some of Defendant's employee benefits insurance programs, which is entirely contrary to the Insurance Producers Act.

25. Around this time, Plaintiff began having conversations with several coworkers about the situation wherein Plaintiff would voice his concerns about the situation.

26. Plaintiff is under information and belief that Henja was aware that Plaintiff was having said conversations with coworkers.

27. Plaintiff is under further information and belief that Henja was unhappy with Plaintiff for voicing his concerns about the unlicensed producers.

4

28. In approximately late December 2016 or early January 2017, Plaintiff again met with Henja to voice his concerns surrounding Henja and Defendant allowing producers to work without a license.

29. When Plaintiff and Henja met, Henja became combative with Plaintiff and stated that he believed Plaintiff's concerns brought nothing but negativity to the office.

30. Henja further told Plaintiff that his only concern should be to sell insurance, and not to worry about the unlicensed producers.

31. However, Plaintiff was steadfast in voicing his concerns and informed Henja that it was wrong for him to allow Defendant to knowingly take on liability for allowing unlicensed producers to sell insurance.

32. From the time of Plaintiff's conversation with Henja up until Plaintiff's termination, Plaintiff continued to work successfully for Defendant.

33. About two (2) weeks prior to Plaintiff's termination, Plaintiff gained information that Henja was likely to name Frenchmann the director of sales for Defendant.

34. Given Frenchmann's unethical and illegal behavior, and Henja's knowledge and ratification of said behavior, Plaintiff had a conversation with Jeff Mentel (hereinafter "Mentel"), a top producer for Defendant, wherein Plaintiff again voiced his concerns about the situation.

35. Mentel's response to Plaintiff was to challenge Plaintiff on his concerns, accusing Plaintiff of having a "utopian vision" of how the office should be run.

36. Just approximately two (2) weeks later, on or about August 18, 2017, Plaintiff was scheduled to meet with Henja.

Electronically Filed - St Louis County - August 27, 2017 - 01:14 PM

37. On or about August 18, 2017, Plaintiff met with Henja.

38. During the meeting, Henja terminated Plaintiff's employment with Defendant.

39. Plaintiff inquired as to the reason he was being terminated, and Henja stated that Plaintiff was being terminated for "insubordination and derogatory comments."

40. Plaintiff is under information and belief that the aforementioned "reason" given by Henja was merely pretext, and that the true cause for his termination was for voicing his concerns regarding the legality of Defendant and Henja allowing unlicensed producers to sell insurance.

**PLAINTIFF'S CAUSE OF ACTION:**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY FOR REPORTING VIOLATIONS OF LAW TO SUPERVISORS**
**(WHISTLEBLOWING)**

41. The allegations and facts contained in the aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

42. As stated above, Plaintiff reported suspected illegal conduct by Defendant's agents that violated clear mandates of public policy.

43. Specifically, as set forth above, Defendant and its agents violated several mandates of public policy, including, but not limited to, violations of the Insurance Producers Act, RSMo. § 375.012 *et seq*.

44. The Insurance Producers Act is a clear and well-established mandate of public policy because it requires insurance producers to possess the requisite license(s) in order to sell, solicit, or negotiate insurance.

45. As stated above, Plaintiff reported violations of the aforementioned law to his superiors as it related to the unlawful conduct of agents and/or employees employed by Defendant.

46. Thereafter, Defendant and its supervisory agents retaliated against Plaintiff by, among other things, terminating Plaintiff's employment.

47. All such supervisory agents were acting in their representative capacities for Defendant at the time they took such retaliatory action against Plaintiff.

48. Plaintiff's "whistleblowing" was, at the very least, a contributing factor in the adverse employment actions taken against him.

49. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged by, among other things, monetary damages, loss of peace of mind, loss of wages, loss of benefits, loss of opportunity, and non-medical bill related garden variety emotional distress.

50. Defendant's actions were done willfully and with a complete disregard for Plaintiff's rights, thus justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court award Plaintiff damages—compensatory, nominal, punitive, and/or consequential—in such an amount in excess of $25,000.00 as is deemed fair and reasonable by a jury; for injunctive relief as deemed appropriate by the Court; for interest, as allowed by law; reasonable costs; and for such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ Jeremy D. Hollingshead
Jeremy D. Hollingshead   #60447
7777 Bonhomme Avenue, Suite 2401
Saint Louis, Missouri 63105
Telephone:   (314) 480-5474
Facsimile:   (314) 594-0825
Email:          jhollingshead@hdtriallawyers.com

ATTORNEY FOR PLAINTIFF



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: <br> JOSEPH L. WALSH III | Case Number: 17SL-CC03269 | |
|---|---|---|
| Plaintiff/Petitioner: <br> ANDREW NIEMEIER | Plaintiff's/Petitioner's Attorney/Address <br> JEREMY DANIEL HOLLINGSHEAD <br> 7777 BONHOMME AVE <br> SUITE 2401 <br> ST LOUIS, MO 63105 | |
| vs. | | |
| Defendant/Respondent: <br> ASSUREDPARTNERS OF MISSOURI, LLC | Court Address: <br> ST LOUIS COUNTY COURT BUILDING <br> 105 SOUTH CENTRAL AVENUE <br> CLAYTON, MO 63105 | |
| Nature of Suit: <br> CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ASSURED PARTNERS OF MISSOURI, LLC
        **Alias:**
CSC-LAWYERS INCORPORATING SERVICE
COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>05-SEP-2017</u>                                               _____
   Date                                                                                                  Clerk

**Further Information:**
LNG

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
  _____ (name) _____(title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
  Printed Name of Sheriff or Server                                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
(Seal)   Subscribed and sworn to before me on _____ (date).
   My commission expires: _____   _____
                                                                Date                                 Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $    10.00
Mileage                $_____ (_____ miles @ $._____ per mile)
**Total**                  $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-7380**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit B
Page 9

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-7380**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit B
Page 10

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-7380**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit B
Page 11



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 17SL-CC03269 |
| Plaintiff/Petitioner:<br>ANDREW NIEMEIER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEREMY DANIEL HOLLINGSHEAD<br>7777 BONHOMME AVE<br>SUITE 2401<br>ST LOUIS, MO 63105 |
| Defendant/Respondent:<br>ASSUREDPARTNERS OF MISSOURI, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | |

RECEIVED SEP 11 2017 COLE COUNTY SHERIFF'S OFFICE

FILED SEP 25 2017 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

The State of Missouri to: ASSURED PARTNERS OF MISSOURI, LLC
Alias:
CSC-LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

05-SEP-2017
Date

_____ /s/ Joan M. Gilmer
                         Clerk

Further Information:
LNG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
     S.L.                              (name)   Designee                           (title).
☐ other _____

Served at  350 E. High                                                          (address)
in  Cole                     (County/City of St. Louis), MO, on  9-12-17  (date) at  800 AM  (time).

John P Wheelen                       by       Annie Wray
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)    Subscribed and sworn to before me on _____ (date).

          My commission expires: _____    _____
                                      Date                  Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage              $_____  (_____ miles @ $_____ per mile)
Total                $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-7380**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit B
Page 12

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-7380**   2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit B
Page 13

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-7380**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Exhibit B
Page 14