UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| ANDREW NIEMEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:17-cv-02560-DDN |
| v. | ) |
| | ) |
| ASSUREDPARTNERS OF MISSOURI, LLC, | ) |
| | ) |
| Defendant. | ) |

## **PLAINTIFF'S TRIAL BRIEF**

COMES NOW the Plaintiff Andrew Niemeier, by and through counsel, and pursuant to the Court's order submits the following trial brief.

### I.   Statement of the Case and Factual Background

Andrew Niemeier was at all relevant times a licensed insurance producer (salesman). He worked at AssuredPartners of Missouri, LLC (hereinafter "AP") from June 28, 2016 to August 18, 2017. AP sold a variety of insurance products to businesses around the state. AP's employees were required by the Missouri Insurance Producers Act to maintain licensure for the products the employees sold. For example, Niemeier was licensed in the Life & Health and Propery & Casualty categories. Life & Health licensure is required to sell Employee Benefit plans. Niemeier was terminated when he complained to AP President Nick Hejna that AP employees were illegally selling, soliciting, or negotiating insurance plans for which they were not licensed. Niemeier filed a one count

Petition[1] for Wrongful Termination – Against Public Policy, also known as a "whistleblower" claim.

Niemeier was a high performer, had no written complaints (until after he was terminated), was not on a Performance Improvement Plan, and possessed the knowledge and experience requisite of the job (and almost uniquely so within the office of AP).

## II.     Elements of the Whistle Blower Claim

The plaintiff must prove that (1) plaintiff reported to his superior at defendant a violation of a law, regulation, or statement of well-established and clearly-mandated public policy; (2) plaintiff was terminated from his employment by defendant; and (3) his report to his superior was a contributing factor in the decision to terminate him. *Newsome v. Kansas City, Mo. School Dist.*, 520 S.W.3d 769, 778-80 (Mo. 2017). Finally, all cases have a fourth component of damages.

In its Memorandum and Order Sustaining Plaintiff's Motion Regarding Expert Testimony and Report and Denying Defendant's Motion for Summary Judgment, the Court has somewhat narrowed the issues of the case for the jury. The Court has already decided that the Missouri Insurance Producers Act constitutes clearly mandated public policy under Missouri law, leaving Niemeier only to prove to the Court's satisfaction whether Niemeier's in-person reports to Hejna about illegal conduct were sufficient as a matter of law. When the plaintiff satisfies the Court that he sufficiently described the

---

[1] The claim was originally filed in St. Louis County and removed to this court.

illegal conduct to Hejna during the in-person meetings, he should satisfy the first prong of his cause of action. The plaintiff intends to prove that he adequately described the illegal conduct to Hejna through Niemeier's testimony, evidence regarding Niemeier's performance, exhibits regarding the other employees' licensure status, and upon cross examination of the employees themselves.

The second prong of Niemeier's cause of action is undisputed and included in the Proposed Stipulation of Facts offered by the Defendant. Niemeier was terminated on August 18, 2017. Additionally, Niemeier will attest to this fact as a witness.

Niemeier will meet the third prong of the cause of action that his whistleblowing was a "contributing factor" in his termination by offering his own testimony, a timeline of events, exhibits proving Niemeiers high performance, lack of write ups, mitigating evidence of interpersonal conflicts, and showing that the increasing interpersonal tension in the workplace was a result of Niemeier's complaints regarding illegal activity and the ensuing pecuniary loss to several of his illegally selling co-workers.

Finally, Niemeier intends to prove his damages by calling Wayne Brown as an expert witness with training in business valuation modeling. Mr. Brown works at Clifton Larson Allen. Mr. Brown has prepared a report and several charts showing the extent of Niemeier's loss.

### III.   Conclusion

It is unnecessary to rehash the summary judgment style arguments listed in the Defendant's Trial Brief. This case at its core is a credibility battle between the Plaintiff and the self-serving testimony of the Defendant's employees. The Plaintiff intends to highlight the credibility differences between the parties and let the jurors (and the Court) decide for themselves.

                                    Respectfully submitted,

                                    HOLLINGSHEAD & DUDLEY

                                    /s/ Jeremy D. Hollingshead
                                    Jeremy D. Hollingshead   #60447MO
                                    7777 Bonhomme Avenue, Suite 2401
                                    Saint Louis, Missouri 63105
                                    Telephone:   (314) 480-5474
                                    Facsimile:    (314) 594-0825
                                    Email: jhollingshead@hdtriallawyers.com

                                    ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was sent to all counsel of record on this the 1st day of April, 2019 via the Court's Electronic filing System.

                                                    /s/Jeremy D. Hollingshead